There are three reasons why this case should be reversed and remanded back to the Immigration Court. First of all, the immigration judge made findings that my client was not credible because of discrepancies that appeared in the testimony. Excuse me, I'm not sure if you introduced yourself for the record. I'm sorry, Your Honor. I apologize. My name is Land Weyland and I represent Mr. Yee. But when a court finds that discrepancies exist in testimony or evidence, the judge is required to bring those discrepancies to the attention of the witnesses and give them an opportunity to explain the inconsistency. The judge in his oral opinion listed eight separate inconsistencies and he did not bring a single one of these to the attention of the witness or give him a chance to explain the discrepancies. Case law in this circuit is very clear that he's required to do that. Secondly, when the judge denied the application for adjustment of status, he has authority to make an inquiry into that application and he can deny it if there is a failure of the applicant to satisfy certain statutory requirements. But the judge does not have unfettered discretion in this area. For example, if the surgeon general says in his medical exam report that the alien meets the health requirements, the judge can't overrule that. If he doesn't like what he hears, he can send it back to the surgeon general. Or if the FBI says that a person meets certain national security background check, the judge can't overrule this. One of the statutory requirements in this case is that there be an approved I-130 petition on file. There was one. The Immigration Service had already conducted an in-depth marriage fraud investigation by an experienced, highly trained marriage fraud adjudicator and following and accepting the clear and convincing standard of proof had found that this was a valid marriage. The judge just ignored that. The judge says, well, I don't think it's so. And it's interesting, at the conclusion of the hearing, what the judge wanted to do was to send the case back to the marriage fraud adjudications unit and ask them to re-adjudicate the case. That's what should have been done. When interviews are held at U.S. consulates overseas, the State Department makes it clear that if the adjudicating officer doesn't like what he sees in the marriage case, he can't deny the application. All he can do is return it to the service center and say, I recommend that you go through a revocation proceeding. That's what the judge should have done here. The judge didn't. Instead, he denied the adjustment application, and then on that basis he then ordered the man deported. It's our position that the judge should not have denied the application. He should have done exactly what he wanted to do, which is to send the I-130 back and have revocation proceedings done. It's interesting, trial counsel told the judge that if the judge would deny the case, that she would get the revocation proceeding started. It's been five and a half years since the judge made that decision. No revocation proceeding has been started. I checked last Friday. This file is sitting in the National Records Center where it's been for five and a half years. Instead of doing anything with this case, trial counsel simply closed the file out and that was the end of the case. As a result, we have a perfectly valid I-130 still pending. It's never been revoked. So the judge had no authority to deny the application. The third reason that this inquiry was improper is the judge had no authority to really go into an inquiry in this case to look at the validity of the marriage. He had the right to ask the questions, but he had no right to go take the next step, which was to say I find this to be a sham marriage and, therefore, I am denying the application for adjustment of status. And as it was the scope that if he couldn't have the power to do that based on the showing made in front of him, what was his function? What his function was to do was what is to do any time he does an adjustment application, that is to make sure that the applicant meets the requirements. And one of the requirements is that there has to be a valid I-130. But if the judge feels that the I-130 was improperly approved, the judge has no authority whatsoever to review that I-130. Don't we have case law that says that the I-130 establishes eligibility but doesn't go the whole way? That's true. It says that he is eligible to apply for adjustment of status. And if all they're doing is now applying, doesn't that suggest that the immigration judge has the opportunity to consider the merits of everything that would permit the person to adjust status? The judge has the obligation to go through every single question on that I-485. There are about 45 or 50 questions. And if he finds on any one of those points there's a question, then the judge has to decide what to do. And what the judge did in this instance was simply say, I think the I-130 was inappropriately approved, and I think I'm going to send it back to the immigration service to go through and re-adjudicate that case. That's what the judge should have done. Instead, the judge took it upon himself to say, I'm making that decision. And it's interesting that in the matter of a case of HA, which is a 2002 case that I only found yesterday. Do you have a citation to that? Yes, I do. It's 23. Is it in the brief? It's not in the brief. I just found this yesterday. With the presiding judge's permission, could you fill out a slip with the city clerk afterwards? Yes, I will. And this is a BIA case from 2002. Make it in triplicate so that everyone is served. Thank you. Where the person had been deported, got married to a U.S. citizen, filed a motion to reopen. That motion was denied, and he went to the BIA. And at the BIA, he said, I want to provide proof and evidence that my marriage is valid. And the BIA said, no, we have no authority to review marriage cases. In fact, their language actually was pretty strong, because they said that there's such a high burden that a person has to carry to prove that the marriage is valid, that it would take an intense, in-depth interview on the part of either our office or the immigration judge to do that. We have no jurisdiction. Jurisdiction over validity of marriages is solely within the district director's discretion. And so we make it very clear. An immigration judge has no authority, no jurisdiction to review, make a decision on, or in any way have any decisional input into deciding an I-130. And we don't either. Neither does the BIA. The only way a BIA ever gets involved in an I-130 is if it's denied by the district director and is an appeal taken. But that bypasses the immigration judge. The immigration judge in this case had no authority to get involved in this I-130 decision in any way. Have you looked at the ‑‑ I'm not sure of the pronunciation of the case, but Aguiman or Aguiman? It's in 296, Fed 3rd, 871. It says that, as I recall, the I-130 establishes eligibility for status, but the IJ must still decide to accord it. Okay. I didn't find anywhere in your brief that you mentioned that case or distinguished it. I'm sorry. Well, in every green card case, there's two steps. The first step is to determine eligibility. That's done with a petition. Once that's done, then the 485 is filed. In this case, the eligibility was done. The Immigration Service agreed with it on a clear and convincing evidence standard. Documents were submitted, examined. It was a 45‑minute interview. Well, we have several cases that say that doesn't establish the entitlement to the ‑‑ It doesn't. It sets up the procedure for the IJ to then go ahead and make the findings. So after the I-130 is approved, then the 485 is filed. If you're in court, the judge is the one who makes that decision. What the judge is deciding is on the question of the application for adjustment of status. The judge has nothing to do with the I-130. That's already been done. If the judge goes through the application for adjustment of status and looks at all the factors, you know, are the fingerprints clear, is the medical clear, and all those things, everything, the judge then says, fine, I'm granting adjustment of status. If there's a problem there, the judge then has to decide what to do with that problem. And he doesn't make the decision regarding a number of the factors that have to come into play. However, he sends the case back to that agency and says, I find a failure here. Please review this. And that's what the judge did not do in this case. The judge took it upon himself to deny the adjustment application. He had no reason to do that. And besides, his inquiry that he made was woefully deficient. He did not examine a single document that these people had provided to the Immigration Service to confirm that they lived together. They'd been married six years. And when they went to that interview, the Immigration Service received a huge number of documents. Those were not provided to the judge. He didn't even ask to see their driver's licenses.  Your time has expired. Thank you, Your Honor. We'll hear from the Governor. Good morning. My name is Jesse Bless. I represent the Attorney General of the United States. The panel has already hit upon, I think, the most important case here, establishing the analysis that needs to be conducted here. That's argument. I don't know if I'm saying that. But again, it's 296F3871. And in that case, does a really good job of setting up a statutory and regulatory framework for the relief sought by the petition in this case, which was adjustment of status. He did bring an approved I-130 visa petition before an IJ, asking, as a matter of grace, for adjustment of status in the United States. The IJ asked a few rudimentary questions of the underlying basis. Found the answers to be woefully insufficient. A perfect example being, does your wife have a car? Yes, she just bought a brand new Acura. Wife gets up on the stand. I don't have a car. These types of questions. What was your last meal together? What is the outline of your bedroom? These are just rudimentary questions, and IJ, in according discretion, just as much as he would say, you know, do you have any criminal convictions? Do you have any, you know, what do you do for a job? Things of that nature. Because the discretion, he couldn't return this case. Because what he was considering was an adjustment application. And he is the only one granted with review rights by the board. But he's the only one granted by the attorney general that discretion. So the adjustment application, he's the only one who can handle that. The I-130, he has no review power on. And he could not review the case back and say, deny the I-130. What he can do is say, I'm denying adjustment. And that's what happened here. And that was proper. Is that what Mr. Whelan was saying then, in effect, that he couldn't deal with the 130? The way I took the petitioner's counsel's argument to me is that he should have, on the one hand, he's saying he couldn't review the I-130. But on the other hand, he should have returned it for DHS to reverse its decision. And the IJ was, the IJ knew what he was doing because the IJ said, I'm not going to, I can't, in effect, I'm not going to, you know, overturn the I-130. But I have the power of the adjustment application, and I'm going to deny it right here. Because that's in my discretion. And again, I. It's a separate, it's a separate administrative step. Yes. And in this Court's case law, going back to Dielman, there's a case, Dielman v. INS, 34 F. 3rd, 851. I believe that's in the briefs. And it's in the argument as well. And that sets out that the limited powers to consider the facts underlying the I-130. And that's not what was done here. But in terms of whether to confer discretion on the ultimate relief, again, that's within the IJ. What's our standard of review? And I ask that because if it's an exercise of discretion, but the discretion rests on a factual finding that questions the validity of the marriage and the credibility of the petitioner, is that a factual finding that we review for substantial evidence? Or do we review the ultimate determination under some other standard? Well, if the facts were undisputed here, I would put this in the Ramadan mixed question of law and fact that this Court would have authority to review under 1252 A. 2d. The facts here are not undisputed. Petitioner paints a different portrayal of the facts than the government. And so we don't have a mixed question. We don't have a constitutional due process question. And what we're talking about is discretionary relief that was denied in the IJ's exercise of discretion. So once you determine that what the IJ did was within his bounds, the ultimate relief was as a matter of discretion, and because there's no other legal or constitutional claim presented, the Court would lack jurisdiction to go into that factual inquiry. And so are there any further questions? No further questions. Thank you, Counsel. The case just argued will be submitted for decision, and we'll hear argument next in Trustees v. NICA.
judges: Goodwin, O'scannlain, Graber